Raleigh v. Rogers.

RALEIGH, appellant, and ROGERS and wife, respondents.

A stranger to partition proceedings before the Orphans Court, having no right that will be affected by a partition, and claiming the land by title paramount to that of the parties to such proceedings, has no right of appeal from an order appointing commissioners to make partition. He is not a person aggrieved by such order, within the meaning of the constitutional provision for appeal.

On appeal from the decree of the Orphans Court of Burlington county.

*Mr. Ewan Merritt,* for appellant.

*Mr. C. E. Hendrickson,* for respondents.

THE ORDINARY.

This is an appeal from a decree of the Orphans Court of the county of Burlington, appointing commissioners to make partition of certain land in that county, of which, it is alleged, David Cavileer died seized. He devised the land to Samuel Leeds for life, with remainder in fee to the children of Leeds. Leeds is dead. Mrs. Rogers is one of his children. At the time appointed for the appointment of commissioners,

the appellant appeared before the court and filed his protest against the appointment. The protest sets up a paramount title in the appellant to the land. The only evidence he laid before the court however, was an ancient unrecorded deed, dated April 10th, 1795, from Restore Shinn to Richard Stockton and Clayton Earl, for certain premises in which, as the appellant claims, the land of which partition was sought, was included. It is true, his protest is under oath, and alleges that he is now the true owner of the property, and denies the title of Cavileer. But that, of course, is no evidence of the appellant's title. Though the record is silent on the subject, the court is presumed to have been satisfied of the *prima facie* title of the parties between whom partition was prayed. There was nothing laid before them by the appellant, to lead them to conclude that the title was not in the parties in whose interest the application was made. I see no reason to doubt the propriety of their action in appointing the commissioners. The appeal could not be sustained on its merits. But it must be dismissed, on the ground that the appellant has no right of appeal in the case. He is a stranger to the proceedings. No right of his will be directly affected by the partition. He claims by title paramount to that of the devisees under Cavileer's will. The act expressly provides (*Nix. Dig.* 671, § 27,) that nothing contained in it shall be so construed as to injure, prejudice, defeat or destroy the estate, right or title of any person or persons claiming the land which may be divided by title paramount or superior to the title of the coparceners, joint tenants or tenants in common, among whom the partition is made. The appellant is not a person aggrieved by the action of the Orphans Court, within the meaning of the constitutional provision for appeal. *Swackhamer* v. *Kline's Adm'r*, decided at this term of this court, and cases there cited.

The appeal is dismissed, with costs.